## Education of Children of Migratory Workers

ELMER T. BOLLA, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, March 17, 1958.—You request advice on the following questions relative to the education of children of migratory workers during the summer months:

1. May a school district provide education for the children of migratory workers during the summer months?

2. May the cost of instruction for these children be included when determining the current instructional expense of the school district for any one school year?

3. If the school district provides transportation for these children, may the Commonwealth reimburse the school district for such transportation in the same manner in which it reimburses for the transportation of school children during the regular school year?

1. There is no legal justification that will permit a school district to allow the use of a school plant and facilities for a special summer session by one class of people. This makes for discrimination, because it provides a special schooling privilege. Where a school board is financially able to provide for a summer school, it should be open to everyone entitled to go to school. Admission to summer school must be predicated on the same provisions of law applicable to admission of pupils to the regular school term.

The school district may provide summer education for all children, including those of migratory workers. Section 1326 of the Public School Code of March 10, 1949, P. L. 30, 24 PS §13-1326, provides, in part, as follows:

"The term 'migratory child,' wherever used in this subdivision of this article, shall include any child domiciled temporarily in any school district for the purpose

of seasonal employment, but not acquiring residence therein, and any child accompanying his parent or guardian who is so domiciled."

In brief, a migratory child is a nonresident. Although a "migratory child" is classified as a nonresident, section 1316 of the Public School Code of 1949, 24 PS §13-1316, provides that a board of school directors may permit nonresident children to attend its public schools.

The power to establish summer schools has been vested in the school directors by virtue of section 502 of the Public School Code of 1949, as amended, 24 PS §5-502, which provides:

"In addition to the elementary public schools, the board of school directors in any school district may establish, equip, furnish, and maintain the following additional schools or departments for the education and recreation of persons residing in said district, *and for the proper operation of its schools, namely;* . . .

*"Such other schools or educational departments as the directors, in their wisdom, may see proper to establish."* (Italics supplied)

Thus, a summer school can be established if the school directors in their wisdom deem it appropriate in order to maintain the proper operation of its schools.

Section 1327 of the Public School Code requires the compulsory attendance of migratory children during the regular school term. Since the migratory child is usually educationally behind the resident child and must attend during the regular term, it would seem that the operation of a summer school which children of migratory workers could attend to bring them up to the level of education of the same age group would be within the meaning of the phrase "for the proper operation of its schools" expressed in section 502, supra, giving authority for establishment of other schools.

The school district can use its tax money to support such schools. Since this type of school comes under the provisions of section 502, supra, funds for its operation can be secured under section 507, 24 PS §5-507, which provides:

"In order to establish, enlarge, equip, furnish, operate, and maintain any schools or departments herein provided, or to pay any school indebtedness which any school district is required to pay, or to pay any indebtedness that may at any time hereafter be created by any school district, or to enable it to carry out any provisions of this act, the board of school directors in each school district is hereby vested with all the necessary authority and power annually to levy and collect, in the manner herein provided, the necessary taxes required, in addition to the annual State appropriation, and shall have, and be vested with, all necessary power and authority to comply with and carry out any or all of the provisions of this act."

Therefore, a summer school can be established and financed by the school district if the school directors deem it proper for the operation of the district's school system. A summer school may be attended by migratory children.

2. The cost of such instruction must be borne by a school district subject to the provisions of section 1327, supra, and is not reimbursable by the State. Section 1327, 24 PS §13-1327, which defines compulsory school attendance states, in part, as follows:

". . . Such child or children shall attend such school continuously through the entire term, during which the public elementary schools in their respective districts shall be in session, or in cases of migratory children during the time the schools are in session in the districts in which such children are temporarily domiciled. *The financial responsibility for the education of*

*such migratory children shall remain with the school district in which such migratory children are temporarily domiciled. . . ."* (Italics suplied)

If the financial burden is imposed on the school district when the migratory children are in compulsory attendance, it is a logical and necessary extension that the district should bear the cost when they voluntarily establish summer schools of this nature.

Further, section 2502 of the Public School Code, as amended, 24 PS §25-2502, which provides for reimbursement by the Commonwealth to the school districts bases its payment by the average daily membership of pupils, and section 2501, as amended, 24 PS §25-2501 defines pupils as those who are *residents* of the school district, therefore, migratory children being nonresidents do not qualify as pupils the district can be reimbursed for.

Nor do these summer schools fulfill the definition of reimbursable extension education. The establishment of extension schools authorized under section 1902, 24 PS §19-1902, is restricted to residents, and provides, in part, as follows:

"The board of school directors of any school district may and upon written application, signed by fifteen or more residents of such *district* . . . shall provide free extension education for said applicants. . . ." (Italics supplied)

Therefore, the cost of instruction for these migratory children must remain with the school district and is not reimbursable by the State.

3. The school district is only authorized to provide free transportation to resident pupils. Section 1361, 24 PS §13-1361 provides:

"The board of school directors in any school district may, out of the funds of the district, provide for the

free transportation of any resident pupil to and from the public schools and to and from any points in the Commonwealth in order to provide tours for any purpose connected with the educational pursuits of the pupils. They shall provide such transportation whenever so required by any of the provisions of this act or of any other act of Assembly."

By definition in section 1326, supra, a migratory child is a nonresident, and, therefore, is not entitled to free transportation to attend such summer school.

Further, section 2541 of the Public School Code, as amended, 24 PS §25-2541, which provides for reimbursement to the school districts for pupil transportation does not contain any specific provision for reimbursement for transportation of nonresident pupils. To the contrary, its provisions generally deal with transportation of "pupils residing within any part of the district" and similar expressions requiring residence before reimbursement can be made.

Therefore, the school district cannot receive any reimbursement from the Commonwealth for providing transportation for migratory children going to summer school.

We are of the opinion, and you are accordingly advised, that when a summer session in a public school has been established, the opportunity to attend must be afforded to all persons entitled to attend; that under the foregoing provisions a school district may provide education for children of migratory workers during the summer months; that the cost of instruction for the education of children of migratory workers must be borne by the school district alone and is not reimbursable by the State, and that the Commonwealth cannot reimburse the school district for providing transportation for the children of migratory workers going to summer school.